**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 18 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITE HERE INTERNATIONAL UNION, | No. 22-55608 |
| Plaintiff-Appellant, | D.C. No. 2:22-cv-01938-PA-PVC |
| v. | |
| SKY CHEFS, INC., | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted September 12, 2023
Pasadena, California

Before: M. SMITH, FRIEDLAND, and MILLER, Circuit Judges.

UNITE HERE International Union appeals the district court's order

dismissing this case for lack of subject matter jurisdiction because the case

involves a "minor dispute" under the Railway Labor Act (RLA), 45 U.S.C.

§§ 151–188. "We review de novo, as a question of law and of subject matter

jurisdiction, whether a dispute is major or minor under the [RLA]." *Ass'n of Flight*

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

*Attendants v. Mesa Air Grp., Inc.*, 567 F.3d 1043, 1046 (9th Cir. 2009). Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling. We have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse and remand for further proceedings.

1. In April 2022, Sky Chefs, Inc. (Sky Chefs) made unilateral changes to its healthcare offerings at Los Angeles International Airport (LAX). Under the new system, Sky Chefs no longer offers its Consumer-Driven Health Care Plan. Instead, Sky Chefs provides a new Copay Healthcare Plan (LAX Plan) for which Sky Chefs pays 100% of individual employees' premiums. While the LAX Plan reduces the deductible and co-pays for individual employees, it increases employee premiums for coverage of spouses and children. Employees are automatically enrolled in the LAX Plan and may opt out only if they can show proof of alternate coverage and apply for an exemption from the City of Los Angeles. Because the new LAX Plan exceeds the $5.67 per hour benefit required by the Living Wage Ordinance, *see* L.A. Admin. Code, div. 10, ch. 1, art. 11, §§ 10.37.1 *et seq.* (LWO), Sky Chefs stopped paying the additional wages previously required under the ordinance.

We disagree that this case involves a "minor dispute." "Where an employer asserts a contractual right to take the contested action, the ensuing dispute is minor if the action is arguably justified by the terms of the parties' collective-bargaining

2

agreement. Where, in contrast, the employer's claims are frivolous or obviously insubstantial, the dispute is major." *Consol. Rail Corp. v. Ry. Lab. Execs.' Ass'n*, 491 U.S. 299, 307 (1989) (*Conrail*). Although Sky Chefs may unilaterally raise wages under the collective bargaining agreement (the Master National Agreement (MNA)) per the Management Rights provision, Sky Chefs cannot lower wages without negotiation. Here, without adhering to the interest arbitration provisions in the MNA, or the negotiation provisions of Section 6 of the RLA, 45 U.S.C. § 152 Seventh, Sky Chefs lowered certain employees' wages by as much as $5.67 per hour. The MNA, which predates the LWO, makes no distinction between "health benefit wages" and "cash wages," and the health benefits are not less expensive for employees who need coverage for spouses or children. Sky Chefs' changes therefore go beyond "merely offering better health benefits through a different means," and instead violate the express terms of the MNA, giving rise to a single, "major dispute." *See id.*; *see also O'Donnell v. Wien Air Alaska, Inc.*, 551 F.2d 1141, 1147 (9th Cir. 1977) ("[T]he very nexus converts the entire context into a major dispute.").

2.     The issue of injunctive relief is not properly presented for us to resolve on appeal. As Sky Chefs argues, there are complex remedial issues that need to be resolved prior to the issuance of any status quo injunction. We remand for the district court to address such issues and to determine the scope of any injunction in

the first instance. *See Detrich v. Ryan*, 740 F.3d 1237, 1248–49 (9th Cir. 2013) (en banc), *overruled on other grounds by Shinn v. Ramirez*, 596 U.S. 336 (2022) ("A standard practice . . . is to remand to the district court for a decision in the first instance without requiring any special justification for so doing.").

3.      On remand, a showing of irreparable harm is not needed before an injunction to maintain the status quo may be entered. "[D]istrict courts have subject-matter jurisdiction to enjoin a violation of the status quo pending completion of the required procedures, without the customary showing of irreparable injury." *Conrail*, 491 U.S. at 303.

    **REVERSED and REMANDED.**